UNITED STATES JUDICIAL PANEL

ON

MULTIDISTRICT LITIGATION

– – –

HONORABLE SARAH S. VANCE, CHAIR

IN RE: FAIRLIFE MILK            )
PRODUCTS MARKETING AND SALES    )
PRACTICES LITIGATION            )   MDL NO. 2909

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

THURSDAY, SEPTEMBER 26, 2019

_____

SABA MC KINLEY, RPR, CSR NO. 9051
OFFICIAL COURT REPORTER, PRO TEMPORE
UNITED STATES COURTHOUSE
350 WEST 1ST STREET
MEZZANINE LEVEL
DEPARTMENT NO. 1
LOS ANGELES, CALIFORNIA 90012
562-354-0704
-o0o-

```
 1                         APPEARANCES

 2
     ON BEHALF OF PLAINTIFF,
 3   GEORGIA SALZHAUER, ET AL.          MELISSA S. WEINER, ESQ.

 4   ON BEHALF OF PLAINTIFF,
     MOHAMMAD SABEHULLAH, ET AL.        SYED ALI SAEED, ESQ.
 5
     ON BEHALF OF PLAINTIFF,
 6   ALAIN MICHAEL AND
      ANDREW SCHWARTZ, ET AL.           YEREMEY KRIVOSHEY, ESQ.
 7
     ON BEHALF OF DEFENDANT,
 8   FAIRLIFE, LLC                      GABOR BALASSA, ESQ.

 9   ON BEHALF OF DEFENDANT,
     MIKE MC CLOSKEY, ET AL.            MARK S. MESTER, ESQ.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            LOS ANGELES, CALIFORNIA; THURSDAY, SEPTEMBER 26, 2019
 2                                -OOO-
 3
 4            JUDGE VANCE:  NEXT UP IS MDL 2909.
 5            IN RE:  FAIRLIFE MILK PRODUCTS MARKETING AND SALES
 6     PRACTICES LITIGATION.
 7            FIRST UP IS MS. WEINER.
 8            MS. WEINER:  GOOD MORNING.
 9            MAY IT PLEASE THE COURT.
10            I WILL START, YOUR HONOR, MELISSA WEINER, PEARSON
11     SIMON &  WARSHAW, MINNEAPOLIS, ON BEHALF OF PLAINTIFF
12     SALZHAUER IN THE NORTHERN DISTRICT OF GEORGIA.
13            ONE IMPORTANT DEVELOPMENT THAT WE LEARNED THIS
14     MORNING IS THAT ALL OF THE PARTIES HERE TODAY SUPPORT
15     CENTRALIZATION.  WE DON'T HAVE AGREEMENT ON WHERE THE CASE --
16     THE CASES SHOULD BE CENTRALIZED, BUT SINCE THE BRIEFING
17     CONCLUDED, WE DO HAVE AGREEMENT ON CENTRALIZATION.
18            JUDGE VANCE:  THE NORTHERN DISTRICT OF GEORGIA CASE
19     WAS REASSIGNED TO A JUDGE WHO JUST WENT ON THE BENCH; IS THAT
20     RIGHT?
21            MS. WEINER:  THE CASE IS BEFORE JUDGE COHEN.
22            JUDGE VANCE:  IS THAT -- IS THAT THE NEW JUDGE IT WAS
23     REASSIGNED TO?
24            DOES THAT --
25            IS THIS -- IS HE JUST SWORN IN?  A BRAND NEW JUDGE?
```

```
 1    OR HAS HE BEEN AROUND FOR A WHILE?
 2              MS. WEINER:  I DON'T BELIEVE SO.
 3              JUDGE VANCE:  GO AHEAD.
 4              MS. WEINER:  SO MY CLIENT, AND THERE ARE -- AT LEAST
 5    MR. MESTER HERE TODAY, ON BEHALF OF MC CLOSKEYS, SUPPORT THE
 6    NORTHERN DISTRICT OF GEORGIA, AT LEAST DON'T OPPOSE THE
 7    NORTHERN DISTRICT OF GEORGIA --
 8              JUDGE PROCTER:  IS THAT BECAUSE OF COCA-COLA'S
 9    PRESENCE THERE?
10              MS. WEINER:  THAT'S CORRECT.
11              JUDGE PROCTER:  ISN'T COCA-COLA FAIRLY PERIPHERAL TO
12    THIS THOUGH?
13              MS. WEINER:  YOUR HONOR, WE DON'T BELIEVE COCA-COLA
14    IS GENERALLY PERIPHERAL IN ANYTHING; AND THERE ARE NO FACTS AT
15    THIS POINT TO SUGGEST THAT COCA-COLA IS PERIPHERAL.
16              JUDGE VANCE:  BUT THEY SUPPORT THE NORTHERN DISTRICT
17    OF ILLINOIS NOT THE NORTHERN DISTRICT OF GEORGIA, WHICH WOULD
18    SUGGEST TO ME THAT THEY PERCEIVE THEIR CONVENIENCE, AT LEAST,
19    IS NOT BEING AFFECTED BY BEING IN THE NORTHERN DISTRICT OF
20    ILLINOIS AS OPPOSED TO THE NORTHERN DISTRICT OF GEORGIA.
21              MS. WEINER:  COCA-COLA FILED A ONE-PARAGRAPH RESPONSE
22    TO THE MOTION FOR CENTRALIZATION AND DID NOT STATE ONE WAY OR
23    THE OTHER WHETHER THERE IS AN ISSUE WITH CONVENIENCE OR
24    WITNESSES.
25              JUDGE VANCE:  SO WHAT ROLE DO THEY PLAY IN THIS
```

1   DRAMA?
2            MS. WEINER:  IT'S A JOINT VENTURE, AND WE BELIEVE
3   THAT COCA-COLA IS INVOLVED IN THE MARKETING AND DISTRIBUTION
4   OF THE PRODUCTS.  I CAN'T DENY THAT FAIRLIFE IS IN FACT
5   LOCATED IN THE NORTHERN DISTRICT OF ILLINOIS WHICH IS WHY WE
6   HAVE ADVOCATED FOR ILLINOIS IN THE ALTERNATIVE, BUT WE BELIEVE
7   THAT GEORGIA IS AN APPROPRIATE FORUM FOR THIS CASE.
8            JUDGE THRASH HAS 4 OF THE 5 PENDING MDLS.  IT'S A
9   QUICKER TIME ON THE DOCKET IN GEORGIA THAN IT IS IN ILLINOIS,
10  AND THE JUDGE, JUDGE DOW, WHO THE PLAINTIFFS SCHWARTZ AND
11  MICHAEL ARE ADVOCATING FOR ILLINOIS, HAS TWO MDLS CURRENTLY.
12           WE BELIEVE FROM A JUDICIAL RESOURCE STANDPOINT,
13  CONVENIENCE, THAT GEORGIA IS A CONVENIENT --
14           JUDGE PROCTER:  WHERE WILL MOST OF THE WITNESSES, WHO
15  THE UNDERLYING CONCERNS THAT YOU HAVE ABOUT THE TREATMENT OF
16  ANIMALS BE, NOT IN GEORGIA?  THEY WILL BE IN INDIANA, RIGHT?
17           MS. WEINER:  YOUR HONOR, THE FARM IS LOCATED -- ONE
18  OF THE FARMS IS LOCATED IN INDIANA.
19           JUDGE PROCTER:  WHERE WAS THE VIDEO SHOT THAT'S THE
20  SEMINAL PIECE OF EVIDENCE YOU HAVE?
21           MS. WEINER:  IN INDIANA; HOWEVER, THAT IS ONE FARM
22  AND ONE INVESTIGATION, AND WE BELIEVE THAT ONCE THIS
23  INVESTIGATION AND DISCOVERY COMMENCES, THERE WILL LIKELY BE
24  EVIDENCE THAT IS AT MORE THAN A SINGLE FARM IN INDIANA, WHICH
25  IS WHY WE ARE NOT ADVOCATING FOR INDIANA.

1        JUDGE VANCE:  FAIRLIFE, THE COMPANY, IS IN ILLINOIS,
2   RIGHT?
3        MS. WEINER:  THAT'S RIGHT.
4        JUDGE VANCE:  OR ILLINOIS, INDIANA, BUT NOT GEORGIA,
5   RIGHT?
6        MS. WEINER:  COCA-COLA IS THE ONLY COMPANY THAT IS
7   BASED IN GEORGIA, AND --
8        JUDGE VANCE:  AS FAR AS THE KNOWLEDGE OF CORPORATE --
9   THE CORPORATE SIDE ON FAIRLIFE, THAT'S ALL GOING TO BE IN
10  EITHER ILLINOIS OR INDIANA, RIGHT?
11       MS. WEINER:  WE BELIEVE IT'S GOING TO BE IN GEORGIA
12  OR LIKELY ILLINOIS.  THE WORKERS -- YES, THE FARMS, ONE OF THE
13  FARMS IS BASED IN INDIANA, BUT THERE ARE MANY FARMS.
14       JUDGE VANCE:  I'M TALKING ABOUT THE CORPORATE
15  STRUCTURE FOR FAIRLIFE, PART OF THAT IS ILLINOIS AND INDIANA,
16  RIGHT?
17       MS. WEINER:  IN ILLINOIS.
18       JUDGE VANCE:  THANK YOU, MA'AM.
19       MS. WEINER:  THANK YOU.
20       JUDGE VANCE:  MR. SAEED, IS IT --
21       MR. SAEED:  THAT'S RIGHT.
22       JUDGE VANCE:  OKAY -- FOR THE NORTHERN DISTRICT OF
23  ILLINOIS, RIGHT?
24       MR. SAEED:  YES, YOUR HONOR.
25       WE REPRESENT THE MOHAMMAD SABEEHULLAH PLAINTIFFS IN

1    FAVOR OF THE NORTHERN DISTRICT OF ILLINOIS -- IN THE NORTHERN
2    DISTRICT OF INDIANA.
3            OUR ARGUMENT IS SIMPLE, THAT THE FLAGSHIP AND THE
4    PREMIER FACILITY THAT THIS CASE STEMS FROM IS LOCATED IN THE
5    NORTHERN DISTRICT OF INDIANA.  IF YOU LOOK AT THE VAST
6    MAJORITY OF THE CRITICAL EVIDENCE IN THIS CASE, THE VAST
7    MAJORITY OF THE EVIDENCE IN THE CASE FOR ALL PLAINTIFFS,
8    ACROSS THE BOARD, MOST OF IT IS GOING TO BE INDIANA.
9            THERE IS NO CASE IF THERE'S NO ANIMAL ABUSE.  IF
10   WE'RE TALKING ABOUT ANIMAL ABUSE AND THE PERVASIVE NATURE OF
11   THAT ABUSE, ALL THE EVIDENCE, ALL THE WITNESSES, ALL THE
12   DOCUMENTS RELATED TO THAT ARE GOING TO STEM FROM FAIR OAKS
13   FARM WHICH IS LOCATED IN THE NORTHERN DISTRICT OF INDIANA.
14           SO IT'S OUR CONTENTION THAT THAT IS WHY THE CASE
15   SHOULD BE REMOVED -- TRANSFERRED THERE.  EVEN IF WE LOOK AT
16   OTHER RELEVANT EVIDENCE IN THIS CASE, WHICH WOULD BE WHETHER
17   FAIRLIFE HAD KNOWLEDGE, WHETHER FAIRLIFE HAD POLICIES AND
18   PROCEDURES WHICH WERE IMPLEMENTED, FAIR OAKS FARM IN ITSELF IS
19   ALSO GOING TO HAVE EVIDENCE RELEVANT TO THOSE ISSUES AS WELL.
20   SO FOR THOSE REASONS WE THINK IT'S RELEVANT FOR US TO BE IN
21   THE NORTHERN DISTRICT OF INDIANA.
22           JUDGE VANCE:  THANK YOU, SIR.
23           NEXT UP IS MS. KRIVOSHEY -- OR MR. KRIVOSHEY.
24           MR. KRIVOSHEY:  GOOD MORNING, YOUR HONORS.
25           SO THE ONLY THING THAT I WANT TO UPDATE THAT'S NEW IS

```
 1   AT THIS POINT, THERE ARE FOUR NEW CASES FILED, SO NOW THAT
 2   BRINGS THE TOTAL NUMBER TO EIGHT.  WE WITHDRAW OUR OPPOSITION
 3   TO OPPOSE CONSOLIDATION, SO WE FULLY DO SUPPORT CONSOLIDATION.
 4           I THINK THERE'S ONLY ONE COMMON SENSE DESTINATION FOR
 5   THESE ACTIONS TO BE CONSOLIDATED AND THAT'S THE NORTHERN
 6   DISTRICT OF ILLINOIS.  IT'S THE ONLY LOCATION THAT FAIRLIFE IS
 7   LOCATED AT, AND THEY'RE THE ONLY DEFENDANT THAT IS PRESENT IN
 8   ALL EIGHT OF THESE ACTIONS.
 9           AND AT THE END OF THE DAY, THIS IS ALSO A FALSE
10   ADVERTISING LABELING CASE.  I KNOW IT'S ABOUT ANIMAL ABUSE,
11   BUT THE DAMAGES STEM FROM THE FALSE ADVERTISING, AND ALL THE
12   DECISIONS CONCERNING THE FALSE ADVERTISING AND MARKETING ARE
13   MADE AT FAIRLIFE'S --
14           JUDGE HUVELLE:  WHAT DO YOU SAY IN RESPONSE TO THE
15   GENTLEMAN WHO JUST ARGUED THAT ALL THE ACTIVITIES, AT LEAST,
16   TOOK PLACE IN A VIDEO RELATED TO FARMS IN INDIANA?
17           MR. KRIVOSHEY:  RIGHT, SO THAT IS 1 OF 30 FARMS, WE
18   BELIEVE, THAT SUPPLY FAIRLIFE MILK.  SO AT THE END OF THE DAY,
19   I KNOW THAT THAT'S WHERE THIS STARTED, BUT THE ACTUAL
20   INVESTIGATION AND THE PROSECUTION OF THIS CASE IS GOING TO
21   FOCUS ON ALL 30 OF THE DISTRICTS --
22           JUDGE HUVELLE:  WHERE ARE THE MAJORITY OF THE OTHER
23   ONES?
24           MR. KRIVOSHEY:  I DON'T KNOW THAT THERE IS A
25   MAJORITY.  I KNOW A LOT OF THEM ARE IN SOUTHWEST, MIDWEST.
```

1         THEY'RE ALL OVER THE COUNTRY.
2                 JUDGE VANCE:  THANK YOU.
3                 NEXT UP IS MR. BALASSA FOR FAIRLIFE.
4                 MR. BALASSA:  THANK YOU, YOUR HONOR.
5                 GABOR BALASSA, KIRKLAND ELLIS FOR FAIRLIFE LLC.
6                 JUDGE VANCE:  TELL US ABOUT COCA-COLA.  WHAT DO THEY
7         DO AND WHERE DO THEY DO IT?
8                 MR. BALASSA:  YOUR HONOR, COCA-COLA IS ONE OF TWO
9         JOINT VENTURES THAT FORM FAIRLIFE.  THEY ARE NOT ALLEGED TO
10        HAVE MADE ANY OF THE ALLEGEDLY FALSE REPRESENTATIONS.  THEIR
11        THEORETICAL LIABILITY IN CONNECTION WOULD BE DERIVATIVE OF
12        FAIRLIFE'S ALLEGED MIS-STATEMENTS.  THEY ARE A SECONDARY
13        PLAYER HERE, YOUR HONOR, AND THEY'RE ONLY NAMED NOW EVEN AFTER
14        THIS MORNING IN HALF OF THE LAWSUITS.  IT SEEMS MOST OF THE
15        PLAINTIFFS ALL RECOGNIZE THAT.
16                YOUR HONOR, CHICAGO, NORTHERN DISTRICT OF ILLINOIS,
17        DOES HAVE THE CLOSEST NEXUS HERE.  THE FIRST FILED LAWSUIT AND
18        THE SECOND FILED LAWSUITS WERE FILED N.D.I.L.  BOTH LAWSUITS
19        ARE NOW PENDING BEFORE JUDGE DOW, WHO IS EXTRAORDINARILY
20        EXPERIENCED IN MDL MATTERS.
21                I HEARD AN ASSERTION THAT THERE ARE TWO MDL'S PENDING
22        BEFORE JUDGE DOW.  THAT'S NO LONGER ACCURATE, IN FACT.  THE
23        FLUID MASTER MATTER, YOUR HONORS, ALL OF THE LAWSUITS IN THAT
24        MDL HAVE BEEN TERMINATED FOR MANY MONTHS NOW, SO THERE IS ONLY
25        ONE PENDING BEFORE JUDGE DOW NOW.

1           THE OTHER POINT THAT I WANTED TO MAKE IS ABOUT
2  NORTHERN DISTRICT OF INDIANA AND THE ASSERTION THAT WITNESSES
3  RELATING TO THE ALLEGED INCIDENT THERE ARE ALL LOCATED IN THE
4  NORTHERN DISTRICT OF INDIANA; IN FACT, WE DON'T KNOW THAT TO
5  BE THE CASE.
6           THE FORMER EMPLOYEE'S NOW TERMINATED AND THE
7  INDIVIDUALS FROM THE UNDERCOVER ANIMAL RIGHTS ORGANIZATION ARE
8  NO LONGER AFFILIATED WITH THE FARM THERE, SO WE DON'T KNOW
9  WHERE THOSE INDIVIDUALS ARE.  WE HAVE NO REASON TO BELIEVE
10 THEY'RE STILL LOCATED IN THAT CONSTRUCTION.
11              JUDGE VANCE:  OKAY.  THANK YOU, SIR.
12              MR. BALASSA:  THANK YOU.
13              JUDGE VANCE:  LAST UP IS MR. MESTER.
14              MR. MESTER:  GOOD MORNING.
15           WE REPRESENT MIKE AND SUE MC CLOSKEY, WHO ARE NAMED
16 IN FOUR OF THE EIGHT CLASS ACTIONS FILED THUS FAR.
17              JUDGE VANCE:  HAVE YOU BEEN SUED --
18 YOU SUPPORT GEORGIA, RIGHT?
19              MR. MESTER:  WE SUPPORT, YOUR HONOR, BOTH ILLINOIS
20 AND GEORGIA.
21              JUDGE VANCE:  YOU HAVEN'T BEEN SUED IN GEORGIA,
22 RIGHT?
23              MR. MESTER:  THE COMPLAINT WAS ACTUALLY AMENDED AND
24 WE NOW HAVE BEEN NAMED IN THAT COMPLAINT AS WELL.
25              JUDGE VANCE:  OKAY.

1        MR. MESTER: WE ARE THE ONLY NAMED IN FOUR OF THE
2 EIGHT, AND THOSE EIGHT NOW SPAN FROM CALIFORNIA TO
3 MASSACHUSETTS, AND I BELIEVE YOUR HONOR, JUDGE GORTON -- THE
4 HENDERSON CASE IS ASSIGNED TO YOUR HONOR.
5        WE SUPPORT TRANSFER AND CONSOLIDATION. WE SUPPORT
6 EITHER ILLINOIS OR GEORGIA.
7        I DID WANT TO MAKE ONE POINT THAT CAME UP IN THE
8 BRIEFING. OUR CLIENTS ARE RESIDENTS, NOT OF INDIANA, WHICH
9 WAS CITED AS A REASON FOR GOING TO INDIANA. THEY ARE
10 RESIDENTS OF PUERTO RICO, AND THE REASON WHY WE SUPPORTED
11 CHICAGO AND ATLANTA AND NOT INDIANA, IS YOU CAN GET ON A
12 DIRECT FLIGHT FROM SAN JUAN TO EITHER CHICAGO OR TO ATLANTA,
13 BUT GETTING TO FORT WAYNE OR TO SOUTHBEND OR TO [A COUGH
14 SUPPRESSED THE SOUND] JUST ADD A LOT OF INCONVENIENCE TO OUR
15 CLIENTS.
16        JUDGE VANCE: ALL RIGHT. THANK YOU.
17        THAT CONCLUDES THE ARGUMENTS ON THIS CASE.

UNITED STATES JUDICIAL PANEL

ON

MULTIDISTRICT LITIGATION

- - -

HONORABLE SARAH S. VANCE, CHAIR

IN RE: FAIRLIFE MILK )
PRODUCTS MARKETING AND )
SALES PRACTICES )
LITIGATION ) **COURT REPORTER'S**
) **CERTIFICATE**

I, SABA MC KINLEY, OFFICIAL COURT REPORTER, PRO TEMPORE, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THAT THE FOREGOING PAGES 1 - 12, INCLUSIVE, COMPRISE TO THE BEST OF MY ABILITIES, A FULL, TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER ON, THURSDAY, SEPTEMBER 26, AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATE: 5TH DAY OF OCTOBER, 2019

**/F/ SABA MCKINLEY**

SABA MC KINLEY, RPR, CSR NO. 9051
OFFICIAL COURT REPORTER, PRO TEMPORE